IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Virginia



PATRICK M. PARKS,
et al.,

    Plaintiffs,

v.                                    Civil Action No. 3:19cv352

NEWMAR CORPORATION,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT NEWMAR CORPORATION'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION (ECF No. 3). Having reviewed the motion, the supporting, opposing, and reply briefs, the Court will hold decision on the motion in abeyance and will hold an evidentiary hearing to determine whether there exist extraordinary circumstances of the sort that would warrant disregard of the forum selection clause at issue.

## BACKGROUND

The Plaintiffs, Mr. and Mrs. Parks, purchased, in Hanover County, Virginia, a new 2018 Newmar Baystar that was made by Newmar Corporation ("Newmar") and that, according to the Complaint, was defective in several ways. It is alleged that Newmar has been afforded an opportunity to repair the defects but has been unable

to do so. As a result, the Plaintiffs filed, in the Circuit Court of Hanover County, Virginia, this action alleging claims for breach of express warranties and for breach of the Magnuson-Moss Warranty Act.

The purchase contract contained a forum selection clause, to wit:

> Purchaser and dealer further agree that the courts (state and federal) located in the State of Indiana have exclusive jurisdiction to resolve any dispute based on any warranty.

Newmar removed the case to this Court and filed DEFENDANT NEWMAR CORPORATION'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION (ECF No. 3).

## DISCUSSION

### I. Transfer Motions Under 28 U.S.C. § 1404(a) And Forum-Selection Clauses

Newmar's motion is brought pursuant to 28 U.S.C. § 1404(a). In the absence of a forum-selection clause, the analysis of such a motion is straightforward. The Court first asks whether the action might have been brought in the transferee forum, and then assesses the transfer in perspective of several factors, including the plaintiff's choice of forum, witness convenience, convenience to the parties, and the interest of justice. Seaman v. IAC/InterActiveCorp, Inc., 2019 WL 1474392, *3-4 (E.D. Va. Apr. 3,

2019); Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015).

However, in Atlantic Marine Const. Co. v. United States District Court for the Western District of Texas, et al., 134 S.Ct. 568 (2013), the Supreme Court held that, where there is a "contractually valid forum-selection clause," "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atlantic Marine, 134 S.Ct. at 581 n.5 (2013). Said another way, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. (citation omitted) (alteration in original).

Thus, where there is a valid forum-selection clause, the typical Section 1404(a) calculus must change in that the Court no longer gives any weight to the plaintiff's choice of forum; the Court no longer considers arguments about the parties' private interests, and may only consider "public-interest factors," which will rarely support denying a transfer motion; and the choice-of-law rules of the contracted-for venue apply. See id. at 581-83. Additionally, although Atlantic Marine involved two sophisticated parties, the Supreme Court has previously enforced forum selection clauses found on the "form passage contracts" between a cruise line and its passengers. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-95 (1991); see also Garrett v. Gulf Stream Coach

3

Inc., 2009 WL 936297, *2-5 (E.D. Va. Apr. 7, 2009) (granting motion to transfer venue to Indiana in similar factual scenario to this case).

### A. Is Forum Selection Clause "Valid?"

The Plaintiffs raise two arguments to explain why, in their view, the forum selection clause here is invalid: (1) the forum-selection clause contravenes the public policy of Virginia;[1] and (2) the forum-selection clause is unfair and unreasonable. On the first argument, the Plaintiffs argue that, because Newmar does business in Virginia, it subjects itself to the jurisdiction of Virginia courts and the Commonwealth has an interest in allowing its citizens to litigate disputes here. ECF No. 5 at 2. On the second argument, the Plaintiffs state that enforcement of the forum-selection clause is unfair and unreasonable because it would force them and their witnesses to travel to Indiana to litigate and because there was unequal bargaining power between the parties. Id. at 3.

The Plaintiffs rely on Paul Business Systems, Inc. v. Canon U.S.A., Inc., 397 S.E.2d 804, 807 (Va. 1990), which held that forum-selection clauses "are prima facie valid and should be enforced, unless the party challenging enforcement establishes

---

[1] The only authority cited for this proposition is Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 670 (E.D. Va. 2010), which did not deal with the enforcement of a forum-selection clause.

4

that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power." The Court went on to say that: "[W]e do not agree that enforcement of the forum provisions would violate 'a strong public policy of Virginia.'" Id. at 808.

The Plaintiffs assume that Virginia law governs the validity of the forum selection clause, but that is not correct. The Fourth Circuit has held that, in determining whether a forum-selection clause is valid, this Court applies federal law, not state law. See Albemarle Corp. v. AstraZeneca UK Ltd, 628 F.3d 643, 650 (4th Cir. 2010) ("[W]e thus conclude that a federal court interpreting a forum selection clause must apply federal law in doing so."). Under Supreme Court precedent, forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co.,[2] 407 U.S. 1, 10 (1972) (emphasis added). The party challenging enforcement of the forum-selection clause must make a "strong showing" and has a "heavy burden of proof." Id. at 15, 17.

---

[2]   Although M/S Bremen was an admiralty case, the rule announced in it has been extended to forum-selection clauses in other contexts. See Albemarle Corp., 628 F.3d at 650 (rationale of the case "is applicable to forum selection clauses generally"); WCC Cable, Inc. v. G4S Tech. LLC, 2017 WL 6503142, *6 n.3 (W.D. Va. Dec. 15, 2017).

5

Interpreting M/S Bremen, the Fourth Circuit has held that to determine whether a forum-selection clause is unreasonable, courts should consider whether:

> (1) [the clause's] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [the clause's] enforcement would contravene a strong public policy of the forum state.

Albemarle Corp., 628 F.3d at 651 (quoting Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)); WCC Cable, Inc, 2017 WL 6503142 at *6 (citing Allen); Garrett, 2009 WL 936297 at *2-3 (same).

In their brief, the Plaintiffs do not address Albemarle or all four factors set forth therein, but they do make arguments related to Albermarle Factors (2), (3) and (4).[3] Thus, the questions they present are whether (1) the Plaintiffs "'will for all practical purposes be deprived of [their] day in court' because of the grave inconvenience or unfairness of the selected forum," Albemarle Corp., 628 F.3d at 651, or (2) whether enforcement of

---

[3] The Plaintiffs' argument that the forum selection clause is the result of "unequal bargaining power," ECF No. 5 at 3, appears to be foreclosed by Carnival Cruise Lines, which upheld a forum-selection clause between a cruise ship operator and a passenger, notwithstanding the unequal bargaining position between the two parties. See 499 U.S. at 590-95; Garrett, 2009 WL 936297 at *4. That argument needs no further discussion.

6

the clause would contravene a strong public policy of Virginia. See id.

The Plaintiffs have made a plausible argument that they will be deprived of their day in court or of a remedy. (Albermarle Factors (2) and (3)). It appears that the Plaintiffs have evidence to show that they would be unable to travel to Indiana to litigate, or some other reason establishing "grave inconvenience of unfairness." Thus, it is appropriate to have a hearing on the Motion to afford the Plaintiffs an opportunity to present evidence on the applicable Albermarle Factors.

Finally, there is the public policy factor. (Albermarle Factor (4)). The only argument that the Plaintiffs make is that Virginia has an interest in giving its citizens a forum to resolve disputes. However, they have cited no Virginia statute or case that establishes that enforcing the forum-selection clause in this context violates a strong public policy of Virginia. They do, however, cite Paul Business Systems, Inc., which established the modern rule in Virginia that forum-selection clauses are presumptively valid and do not violate a strong public policy of the Commonwealth. See 397 S.E.2d at 807. Thus, the Plaintiffs have not met their "heavy burden" to demonstrate that this factor has been satisfied. M/S Bremen, 407 U.S. at 17.

7

## CONCLUSION

For the foregoing reasons, DEFENDANT NEWMAR CORPORATION'S MOTION TO TRANSFER VENUE TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION (ECF No. 3) will be held in abeyance. The Plaintiffs will be afforded an evidentiary hearing to show whether Albermarle Factors (2) or (3) apply to the end that the forum selection clause does not apply.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 18, 2019